## APPEAL OF CUNNINGHAM SHEEP & LAND CO.

Docket No. 5071.          Promulgated July 13, 1927.

1. Section 1100(b) of the Revenue Act of 1924 continues the Revenue Act of 1921 in force for the assessment and collection of all taxes imposed by such Act or prior Acts. A consent extending the time for assessment and collection of taxes, executed pursuant to the Revenue Act of 1921, continues in force after the date of enactment of the Revenue Act of 1924.

2. Pursuant to the Revenue Act of 1921, limiting the time within which taxes may be determined, assessed, and collected, and providing that the taxpayer and the Commissioner may consent in writing to a later determination, assessment and collection, such consent in writing was executed providing that such determination, assessment and collection might be made irrespective of any period of limitations. *Held*, that such consent is not void for indefiniteness. *Held, further*, that such consent grants a reasonable time in which such act may be performed.

3. In the circumstances of the present appeal, *held*, that the determination and assessment were made within a reasonable time.

4. An announcement by the Commissioner that such consents in writing, then on file with him, would expire on a certain date, has no application to such consents executed at a subsequent date.

*Oscar C. Pogge, Esq.*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the Commissioner.

The taxpayer appeals from the determination by the Commissioner of deficiencies in income and profits taxes for the years 1909 to 1918, inclusive. The appeal is based upon two grounds, one upon the merits and the other being a plea that the assessment of such taxes is barred by reason of the expiration of the period of limitation provided by law. Upon motion of the parties it was ordered that the plea in bar be heard and determined in advance of a hearing upon the issue involving the merits.

The petitioner filed returns of its income for the years 1916 to 1920, inclusive, as follows:

| Taxable year | Date return was filed in office of collector | Amount of tax shown on return |
|---|---|---|
| 1916 | Mar. 1, 1917 | $669.89 |
| 1916 Amended return | Apr. 14, 1922 | 1,177.27 |
| 1917 | Apr. 1, 1918 | 14,694.94 |
| 1917 Amended return | Apr. 14, 1922 | 13,367.00 |
| 1918 Tentative return | Mar. 15, 1919 | [1] 36,000.00 |
| 1918 | June 16, 1919 | 42,682.39 |
| 1918 Amended return | Apr. 14, 1922 | 31,215.80 |
| 1919 Tentative return | Mar. 15, 1920 | [1] 4,053.35 |
| 1919 | May 15, 1920 | 2,362.32 |
| 1919 Amended return | Apr. 14, 1922 | 8,510.09 |
| 1920 | Mar. 10, 1921 | 642.15 |

[1] Estimated.

Under date of February 27, 1923, the petitioner and the Commissioner entered into the following consent in writing to a later determination, assessment and collection of the tax due under the return filed for the year 1917:

In pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921, CUNNINGHAM SHEEP AND LAND COMPANY of PILOT ROCK, OREGON, and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said CUNNINGHAM SHEEP AND LAND COMPANY for the years 1917 under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax acts, or under Section 38 of the Act entitled "An Act to provide Revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, irrespective of any period of limitations.

This waiver to be in effect for one year from the date of the signing hereof.

[CORPORATE SEAL]                    CUNNINGHAM SHEEP AND LAND COMPANY
                    (Signed)      MARY M. BURGESS, *Vice-President.*
                    (Signed)      RALPH N. BURGESS, *Secretary.*
                    (Signed)      D. H. BLAIR, *Commissioner.*

Under date of September 1, 1923, the petitioner and the Commissioner entered into the following consent in writing to a later determination, assessment and collection of the taxes due under any returns filed for the years 1909 to 1920, inclusive:

In pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921, CUNNINGHAM SHEEP AND LAND COMPANY of PILOT ROCK, OREGON, and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said CUNNINGHAM SHEEP AND LAND COMPANY for the years 1909 to 1920, inclusive, under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax Acts, or under Section 30 of the act entitled "An Act to provide Revenue, equalize duties and encourage the industries of the United States,

and for other purposes," approved August 5, 1909, irrespective of any period of limitations.

CORPORATE SEAL.

CUNNINGHAM SHEEP AND LAND
        COMPANY.

CUNNINGHAM SHEEP AND LAND COMPANY

(Signed)      MARY M. BURGESS, *Vice-President.*
(Signed)      RALPH N. BURGESS, *Secretary.*
(Signed)      D. H. BLAIR, *Commissioner.*

On or about April 11, 1923, the Commissioner of Internal Revenue issued and published a ruling reading as follows:

TREASURY DEPARTMENT,
OFFICE OF COMMISSIONER OF INTERNAL REVENUE,
*Washington, D. C., April 11, 1923.*

*To Collectors of Internal Revenue, Internal Revenue Agents in Charge and others concerned:*

The form of waiver now in use extends the time in which assessments of 1917 income and excess-profits taxes may be made to one year from the date of signing by the taxpayer. Inasmuch as there are many waivers on file signed by taxpayers containing no limitation as to the time in which assessments for 1917 may be made, all such unlimited waivers will be held to expire April 1, 1924.

D. H. BLAIR, *Commissioner.*

By letter dated April 25, 1925, the Commissioner finally determined deficiencies and overassessments for the years from 1909 to 1920, inclusive, as follows:

| Taxable year | Additional tax | Over ssess-ments | Taxable year | Additional tax | Overassess-ments |
|---|---|---|---|---|---|
| 1900 | $217. 26 | | 1915 | $120. 57 | |
| 1910 | 87. 63 | | 1916 | 1, 067. 84 | |
| 1911 | 221. 63 | | 1917 | 16, 699. 11 | |
| 1912 | 32. 58 | | 1918 | 20, 359. 09 | |
| 1913 | None. | | 1919 | | $1, 149. 20 |
| 1914 | 224. 43 | | 1920 | | 642. 15 |

It does not appear whether or not the overassessments are the result of the denial of claims for abatement of additional assessments.

From such determination the petitioner appealed to this Board.

OPINION.

PHILLIPS: The petition purports to relate to the determination by the Commissioner of deficiencies for the years 1909 to 1918, inclusive. The Board has no jurisdiction of determinations of deficiencies in tax arising under acts prior to the Revenue Act of 1916. Section 283, Revenue Act of 1926. The proceeding will therefore be dismissed so far as it relates to the years 1909 to 1915, inclusive.

Upon the basis of the facts set out above we are asked to determine that assessments of the deficiencies herein questioned are

barred. We are concerned principally with the effect to be given to the consent dated September 1, 1923. Counsel for the petitioner advances several arguments in support of his position that the statute has run on assessment. In the first instance, he contends that the consent was made expressly in pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921, that such Act was repealed by the Revenue Act of 1924 and that, if such consent is to be effective after the passage of the 1924 Act, the instrument must be such as is required under that Act. It does not appear that the repeal provisions of the 1924 Act are as broad as counsel contends. The provisions of subdivision (b) of section 1100 appear sufficient to save any rights which existed under the 1921 Act for the assessment and collection of taxes due under that and previous revenue acts. But if we are mistaken in this view, we are nevertheless of the opinion that the consent which is here involved was sufficient to meet the requirements of the 1924 Act.

It is there provided in section 278(c) as follows:

Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

The position of counsel is that the consent of September 1, 1923, is indefinite in time and is therefore of no effect under the Act, which, it is said by counsel, contemplated an intention that the consent should contain a statement of a "particular period" during which the assessment might be made. In our opinion the Act does not have the effect of making void such consents as we are here considering. While a consent fixing a definite date for the expiration of the period in which assessment might be made may be desirable to remove uncertainty, there is nothing in the statute which requires that the expiration of the period be related to a definite date.

The courts are frequently confronted with contracts which fail to fix the period within which they are to be performed. Courts are reluctant to declare any contract void for uncertainty if the intent of the parties can be determined. In those cases where the uncertainty relates to the time of performance of the contract, the courts have found little difficulty in arriving at the conclusion that a reasonable time is to be allowed. There are some variations of this rule, one of which permits one of the parties in certain circumstances to give notice to the other of the time within which performance should be made, reasonable notice being given. It appears to us that the rules laid down by the courts for construction of such agreements are properly to be applied to the consent entered into between the Commissioner and this taxpayer and that under the consent of September 1, 1923, the Commissioner was given a reasonable time after the date

of its execution in which to determine and assess the deficiency. See *Wirt Franklin* v. *Commissioner*, 7 B. T. A. 636.

The consent between the parties was dated September 1, 1923. The deficiency notice from which the appeal is taken indicates that communications with respect to the tax liability of the petitioner were forwarded to it by the Commissioner under date of May 24, 1924, and January 15, 1925, and that application was made by the petitioner for assessment of its tax under sections 327 and 328 of the Revenue Act of 1918 and was considered by the Commissioner. It also appears that the consideration of the tax liability of the petitioner involved a consideration of its claim for refund and credit of taxes paid in the years 1909 to 1919. There is nothing in the record which leads us to believe that the twenty-month period which elapsed between the date when the consent was signed and the date when the Commissioner notified the taxpayer of his final determination was not a reasonable period within which the Commissioner might pass upon the contentions of the taxpayer with reference to its tax liability for the ten years involved, including the claims made for refund and credit.

The Revenue Act of 1924 extends the period within which the assessment of tax may be made by the period during which an appeal is pending before the Board. The same is true of the Revenue Act of 1926. Therefore, in considering what constituted a reasonable period under the consent, we have considered only the period between the date of its execution and the date when notice of the final determination of the Commissioner was mailed to the petitioner. Any further delay due to the pendency of this proceeding before the Board is not to be charged against the Commissioner and should not be considered in determining what constitutes a reasonable time for assessment of the tax.

Counsel for the petitioner contends in the alternative that, if the consent was valid, it nevertheless expired on April 1, 1924, or on September 1, 1924, which is one year from its date. This contention is based upon the public announcement made by the Commissioner under date of April 11, 1923, which is quoted in the findings above. This announcement related only to unlimited waivers then on file. The taxpayer does not bring itself expressly within the terms of such announcement but contends that it relied upon such announcement as limiting all future unlimited waivers to one year. There is nothing in the record which would indicate that the officers of the petitioner had any knowledge of this announcement at the time the consent was executed or relied thereon. While this might be sufficient ground upon which to decide the instant appeal, we may point out that in our opinion there is nothing in this announcement of the Commissioner upon which the petitioner might have relied with respect to

such a consent as we now have before us, executed after the date of the announcement and fixing no time within which the Commissioner was to act. Despite the announcement that waivers in use on that date extended the time for one year, there was nothing to prevent the Commissioner from thereafter entering into a consent extending the time for assessment for other periods or for an indefinite period.

The Commissioner was entitled to rely upon such a consent as we have here as granting a reasonable time within which he might act. It is our opinion that under such instrument the taxpayer could not plead that the period fixed by consent had expired, where, for example, by advancing one ground after another for the reduction of his tax, or requesting rehearings, or taking other steps which might delay the final determination more than a year, he would not be able to show that the period which elapsed was unreasonable in the circumstances. In the present appeal we do not know what steps were taken or proceedings had between the date of the instrument and the final determination of the Commissioner. There is, however, no showing of any unreasonable delay and the deficiency letter indicates that active consideration was being given to the matter during that period.

We are therefore of the opinion that assessment of the deficiency is not barred by the statute. The proceeding will be set for hearing upon the merits in due course.